UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE POST, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 3:25-cv-01329-AJB-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 6]** |

Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for August 4, 2025. ECF No. 6.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon*

1  *Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on
2  the diligence of the party seeking to amend the scheduling order and the reasons for seeking
3  modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving
4  party's reasons for seeking modification.... If that party was not diligent, the inquiry should
5  end.") (internal citation omitted).

6      Here, the parties seek a continuance of the ENE and CMC. ECF No. 6. Plaintiff's
7  counsel represents to the Court that August 4, 2025, is his wife's birthday and he will be
8  hosting family at his house who are visiting from Canada. ECF No. 6-1 at 2. Though the
9  Court is sympathetic to Plaintiff's counsel's desire to continue the ENE, the Court does not
10 find sufficient good cause in this instance. First, Plaintiff's counsel does not include details
11 in his declaration regarding when the birthday plans were made, i.e., before the Court
12 scheduled the ENE, or after. Second, Defendants' answer was filed on the federal docket
13 on May 23, 2025, (ECF No. 3), and this district's Local Rules require that an ENE take
14 place within 45 days of the filing of the first answer. CivLR 16.1(c). The Court's calendar
15 did not allow for compliance with the 45-day deadline in this case, and the Court set the
16 ENE for the earliest date available on its calendar, August 4, 2025, which is 73 days after
17 the answer was filed. ECF No. 4 n.1. The Court is not inclined to delay the case further.
18 Third, the Court notes that the conferences are taking place via videoconference to facilitate
19 flexibility for the parties, as opposed to requiring in-person attendance.

20     As such, the Court **DENIES** the parties' joint motion. ECF No. 6. The Court will,
21 however, modify the conferences as follows:

22     1.    The ENE and CMC set for **August 4, 2025** at **3:00 p.m.** *via videoconference*
23 before the Honorable Allison H. Goddard **remain on calendar**.  However, instead of
24 lasting all afternoon, counsel should plan for the conferences to last approximately
25 **one hour**.

26     2.    Parties, party representatives, and claims adjusters for insured defendants are
27 **EXCUSED** from attending the ENE. The primary attorney(s) responsible for the litigation
28 are still required to attend.

3. The Court intends to use the ENE in this case to identify when settlement discussions will be most fruitful, whether the parties are interested in private mediation; and what information needs to be exchanged through informal discovery, or obtained through formal discovery, to have an effective settlement discussion.

4. The deadlines for emailing to efile_goddard@casd.uscourts.gov (not filed) the Confidential ENE Statements and Participant Lists **remain due** on July 28, 2025. *See* ECF No. 4 at 2–3, 5–6. However, the ENE Statements need not be as thorough as they would be for an afternoon-long ENE.

5. The deadline for filing the Joint Case Management Statement **remains** July 24, 2025. *See* ECF No. 4 at 3–4.

6. All other videoconference procedures and requirements set forth in the Court's original Order setting the ENE and CMC remain in place. *See* ECF No. 4 at 4–6.

**IT IS SO ORDERED.**

Dated: July 22, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge