UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE POST, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 3:25-cv-01329-AJB-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND DISCOVERY DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 28]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 28. The parties seek an order from the Court continuing the deadlines to complete fact and expert discovery, as well as other related case management deadlines, by approximately four months. *Id*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with

the judge's consent"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3;24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that they need more time to complete discovery. ECF No. 28. First, the parties explain that there has not yet been a ruling from the District Judge on Defendant's motion for judgment on the pleadings, which impacts the briefing on class certification. *Id*. at 4 (citing ECF Nos. 12, 18). Second, the parties represent that they have been working diligently but data gaps occurred during the sampling process, which impacted the ability for experts to provide analysis on the unpaid wage claims; thus, corrected data is being produced. ECF No. 28-1. As such, the parties request an approximate four-month extension of all scheduling order deadlines. ECF No. 28 at 6–7.

The Court appreciates that the parties have been working together and finds good cause to **GRANT** the joint motion. ECF No. 28. The Court issues the following First Amended Scheduling Order:

//

3:25-cv-01329-AJB-AHG

1. Plaintiff's class certification motion must be filed no later than **thirty (30) days** after the issuance of an order resolving Defendants' motion for judgment on the pleadings. *See* ECF No. 18 at 3. Counsel should consider addressing class certification discovery and motion practice at the earliest practical time. Plaintiff's counsel must obtain a motion hearing date in accordance with the chambers rules of the district judge.

2. The parties must disclose the identity of their respective experts in writing by **September 11, 2026**. The date for the disclosure of the identity of rebuttal experts must be on or before **October 13, 2026**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

3. On or before **September 11, 2026**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **October 13, 2026**.

5. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All fact discovery must be completed by all parties on or before **August 10, 2026**. All expert discovery must be completed by all parties on or before **November 13, 2026**. Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated

3:25-cv-01329-AJB-AHG

a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

7.    All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **January 5, 2027**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

8.    A Mandatory Settlement Conference will be conducted on **March 12, 2027** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*.

3:25-cv-01329-AJB-AHG

a. The Court requires the personal attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **February 18, 2027**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **February 25, 2027**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **March 4, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

3:25-cv-01329-AJB-AHG

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Manda tory%20Settlement%20Conference%20Rules.pdf).

e.  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **March 4, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f.  No later than **March 4, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g.  All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

h.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

/ /

3:25-cv-01329-AJB-AHG

9.     Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **April 22, 2027**.

10.     This order replaces the requirements under Civ. L. R. 16.1.f.6.c. No Memoranda of Law or Contentions of Fact are to be filed.

11.     The parties must meet and confer on or before **April 29, 2027** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12.     Objections to Pre-trial disclosures must be filed no later **May 6, 2027**.

13.     The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **May 13, 2027**.

14.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **May 27, 2027** at **10:00 a.m.**

15.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16.     The dates and times set forth herein will not be modified except for good cause shown.

17.     Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

18.     Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum will exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: May 26, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:25-cv-01329-AJB-AHG